IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William McArthur Abercrombie, ) | C/A No. 6:14-1543-MGL-JDA |
| ) | |
| Plaintiff, ) | |
| ) | REPORT AND RECOMMENDATION |
| vs. ) | |
| ) | |
| Det. Tony Lynch; City of Laurens, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

William McArthur Abercrombie ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is a detainee at the Laurens County Detention Center ("LCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

Background

Plaintiff alleges Tony Lynch ("Lynch") is an officer with the City of Laurens Police Department, and he has falsely accused Plaintiff of criminal wrongdoing through the years. Complaint [Doc. 1 at 3.] He alleges he resides with Tom Fleming at 406 Irby Ave. Ext., and, in the summer of 2012, Lynch told Plaintiff that if he did not move out of the home he would regret it. [*Id.*] Plaintiff alleges that in the summer of 2013 Lynch told him to move out or Lynch would get a warrant, but he refused. [*Id.*] Based on these facts, Plaintiff alleges claims for false arrest, false imprisonment, harassment, and, liberally construed, slander. [*Id.* at 2–4.] He seeks damages and requests the termination of Lynch's employment. [*Id.* at 4.]

The on-line court record from Laurens County Eighth Judicial Circuit Public Index reveals that Plaintiff has a pending criminal charge in the Laurens County Court of General

Sessions of exploitation of a vulnerable adult, Case Number 2013A3020400726.[1]  *See* Laurens County 8th Judicial Circuit Public Index, http://publicindex.sccourts.org/Laurens/PublicIndex/PISearch.aspx (search "William M. Abercrombie," click on "2013A3020400726") (last visited May 1, 2014).  The record indicates that Plaintiff was arrested on November 27, 2013, the warrant and case were filed on December 5, 2013, and a True Bill Indictment, 2014GS3000244, was entered on February 21, 2014. [*Id.*]

### Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the district court.  Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1)

---

[1] This Court may take judicial notice of factual information located in postings on government websites.  *See Tisdale v. South Carolina Highway Patrol*, C/A No. 0:09-1009-HFF-PJG, 2009 WL 1491409, *1 n.1 (D.S.C. May 27, 2009), *aff'd* 347 F. App'x 965 (4th Cir. Aug. 27, 2009); *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record.").

it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to

3

vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Complaint should be dismissed based on failure to state a claim on which relief may be granted because Plaintiff does not allege a plausible claim for false arrest. "The constitutional right to be free from unreasonable searches and seizures is well settled," and the Fourth Amendment protects against an arrest without probable cause. *Merchant v. Bauer*, 677 F.3d 656, 662 (4th Cir. 2012), *cert. denied*, 133 S. Ct. 789 (2012). However, after an indictment has been entered, a plaintiff cannot state a claim for false arrest. *See Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (an indictment, fair upon its face, returned by a properly constituted grand jury conclusively determines the existence of probable cause). Here, Plaintiff has been indicted for the charge of exploitation of a vulnerable adult, and that is the charge for which he claims false arrest. Therefore, he fails to state a cognizable Fourth Amendment claim for false arrest because the indictment establishes probable cause.

Plaintiff's claim for false imprisonment within the LCDC is based on his allegation that Lynch contrived a false charge against him, and this claim should be dismissed based on *Younger* abstention. Plaintiff appears to be attempting to demonstrate in this action that he is innocent of the state pending criminal charge, and thus he seeks to interfere with the

4

pending state criminal prosecution. In *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971).

From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). In this case, Plaintiff is involved in ongoing state criminal proceedings. The second criterion has been addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also decided the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). This Court finds that Plaintiff can vindicate his federal constitutional rights and raise the

5

issue of lack of lawful evidence in the state proceedings. Therefore, it is appropriate that this Court abstain on Plaintiff's Fourth Amendment claim related to false imprisonment.

Additionally, Plaintiff's § 1983 claim against the City of Laurens fails to state a claim on which relief may be granted because he does not allege that the city had an official policy or custom that caused his injury. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (a local government may be liable if an action pursuant to official municipal policy caused a plaintiff's injury; however, it cannot be vicariously liable for its employees' actions).

To the extent Plaintiff brings a state law slander claim against Defendants, it should not be adjudicated because there is no viable federal claim. *See* 28 U.S.C. § 1367(c)(3).[2] Because it is recommended that the constitutional claims should be dismissed, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim pursuant to § 1367(c)(3). *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

## Recommendation

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether

---

[2] This Court does not have original diversity jurisdiction over Plaintiff's state law claim against Defendants. It appears that all parties are domiciled in South Carolina; thus, complete diversity of parties is lacking. *See* 28 U.S.C. § 1332(a).

they are subject to summary dismissal).  **Plaintiff's attention is directed to the important notice on the next page.**

                                                          s/ Jacquelyn D. Austin
                                                          United States Magistrate Judge

May 1, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).